FILED
United States Court of Appeals
Tenth Circuit

June 8, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSHUA SANDOVAL,

Defendant-Appellant.

No. 11-2054
(D.C. No. 1:08-CR-02717-BB-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **GORSUCH**, Circuit Judges.

In December 2009, defendant Joshua Sandoval entered a guilty plea

pursuant to a written plea agreement to two counts of a four-count indictment:

attempted carjacking, and using a firearm during and in relation to a crime of

violence. The district court determined the guideline sentencing range was 188 to

235 months in prison, but imposed a sentence of only 168 months (14 years) in

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

accordance with the parties' agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. As part of his plea agreement, defendant waived his right to appeal his "convictions and any sentence . . . within the statutory maximum authorized by law and imposed in conformity with this plea agreement." Plea Agrmt. at 6, ¶ 12. When defendant filed this appeal, the government moved to enforce the appeal waiver and dismiss the appeal. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In determining whether to dismiss an appeal based on a waiver of appellate rights, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Defendant's docketing statement identifies the sole issue on appeal as whether the district court erred in denying his June 2010 motion to withdraw his guilty plea. In his response to the government's motion to enforce, defendant does not deny that this issue is an attack on his conviction, *see United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007), and therefore is within the scope of the appeal waiver.

Defendant does argue, however, that his appeal waiver was not knowing because the district court failed to conduct a proper inquiry under Rule 11. To determine whether an appeal waiver is knowing and voluntary, we look to two

sources in particular: (1) the language of the plea agreement, and (2) the Rule 11 colloquy. *Hahn*, 359 F.3d at 1325. The government admits that the plea colloquy did not comply with Rule 11(b)(1)(N), which requires the district court to "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Although the district court discussed other aspects of the plea agreement with defendant, it did not discuss the waiver of appellate rights. The district court's failure to discuss the waiver does not necessarily mean the waiver was not knowing and voluntary and is not enforceable, however.

Defendant did not raise this Rule 11 error in the district court,[1] so we review it only for plain error. *See United States v. Edgar*, 348 F.3d 867, 871 (10th Cir. 2003). Plain error occurs when: (1) there is an error; (2) that is plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceeding. *Id.* Defendant bears the burden to establish all four elements. *See United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). Defendant can satisfy the first two elements because the district court's failure to comply with Rule 11(b)(1)(N) was error and it was plain. *See Edgar*, 348 F.3d at 871-72. To satisfy the third element, defendant must show that his substantial rights were affected by the error, which

---

[1]    Defendant's motion to withdraw his guilty plea, filed six months after he entered his plea, did not mention the district court's failure to advise him about the appeal waiver or otherwise challenge the waiver.

in this case means that "he would not have pleaded guilty if the district court had complied with Rule 11(b)(1)(N)," *id.* at 872.

"We may consult the whole record when considering the effect of any error on substantial rights." *Id.* The record here contains substantial evidence that defendant's waiver was knowing. The waiver of appellate rights is contained in a paragraph of the plea agreement separately entitled "WAIVER OF APPEAL RIGHTS." Plea Agrmt. at 6, ¶ 12 (additional font attributes omitted) . It recites that "Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed" and "[a]cknowledging that, the Defendant knowingly waives the right to appeal." *Id.* Another paragraph of the plea agreement, entitled "VOLUNTARY PLEA," recites:

> The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

*Id.* at 7, ¶ 15 (additional font attributes omitted). Immediately above defendant's signature, the agreement reads: "I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it." *Id.* at 8.

At the change of plea hearing, the district court engaged in a colloquy with defendant about his understanding of the plea agreement and the rights he was waiving if he pled guilty. The court ascertained that defendant was competent to enter a guilty plea and advised defendant that he was under oath and could be charged with perjury if he did not answer the court's questions truthfully. Tr. Plea Hr'g at 3-4. In response to the court's questions, defendant said he had adequate time to discuss the case with his lawyer, he understood the charges against him, and he had no questions about them. *Id.* at 4. He further stated he read the plea agreement before he signed it, he talked it over with his lawyer, and he understood it. *Id.* at 5-6. Defendant said no one had threatened him or tried to force him to plead guilty and no promises had been made to him other than those set forth in the plea agreement. *Id.* at 8. And defendant verified that the signature on the plea agreement was his own. *Id.* at 5.

Despite this evidence that he read and understood the plea agreement and executed it knowingly and voluntarily, defendant contends the waiver of appellate rights within the plea agreement is unenforceable because the district court did not discuss the waiver with him and ascertain that he understood it. Notably, defendant does not contend that the waiver was not in fact knowing and voluntary, just that the district court failed to address it in the plea colloquy. Defendant "has the burden to present evidence from the record establishing that he did not understand the waiver," however, and "[a] mere silent record does not

-5-

satisfy this burden." *Edgar*, 348 F.3d at 872-73. Looking at the record as a whole, we conclude defendant has not met his burden of showing his appeal waiver was not knowing and voluntary.

Having determined that defendant's appeal falls within the scope of his waiver of appellate rights and that the waiver was knowing and voluntary, we must consider one final matter: whether our enforcement of the waiver would result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325. Enforcing a waiver of appellate rights will result in a miscarriage of justice only when (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation marks omitted). "To be 'otherwise unlawful,' [d]efendant's waiver must embody an error that 'seriously affects the fairness, integrity, or public reputation of the judicial proceedings,' as per *United States v. Olano*, 507 U.S. 725, 732 . . . (1993)." *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1222 (10th Cir. 2008). It matters not whether some other aspect of the proceeding involved legal error, only whether the waiver itself is otherwise unlawful. *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008).

Defendant bears the burden of establishing that enforcement of the waiver would result in a miscarriage of justice. *United States v. Anderson*, 374 F.3d 955,

959 (10th Cir. 2004). He contends it would be a miscarriage of justice to enforce the waiver because he is factually innocent "and revocation of his plea agreement is the only way that will ever be shown." Def. Resp. to Mot. to Enforce at 4.

While under oath during the plea colloquy, defendant told the district court he did not make any claim that he was innocent of either the carjacking or the firearms charge and he agreed the government could prove a factual basis to support each charge. Tr. of Plea Hr'g at 11. When asked, defendant's counsel stated that, based on his investigation, he believed "the Government would have competent, admissible evidence on every element of the counts; that the Government's case would survive a motion for judgment of acquittal, and would be affirmed on appeal for sufficiency of the evidence." *Id.* at 9-10.

Defendant was appointed new counsel after he moved to withdraw his guilty plea, and at the hearing on that motion, his new counsel informed the court that defendant knew the terms of the plea agreement and had discussed it with his former attorney before entering his guilty plea. Tr. of Hr'g on Jan. 20, 2011, at 5, 6. Nonetheless, counsel explained, defendant contended he was actually innocent of attempted carjacking, he did not want to serve time for a crime he did not commit, and he signed the plea agreement and entered a guilty plea because the government said its offer of a 14-year sentence was the best he would get and if he did not accept it, the government would withdraw the offer and go to trial, which would expose defendant to a possible sentence of 30 years to life. *Id.* at 3,

4-5, 7-8; *see also id.* at 14-18 (testimony from former defense counsel discussing extended plea negotiations, defendant's unhappiness with length of proposed sentence, and government's indication that it would not offer less than 14-year sentence and would withdraw that offer if defendant did not accept it in a timely fashion).

None of the foregoing suggests that defendant's waiver of his appellate rights is undercut by an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. Defendant has not met his burden of showing that it would be a miscarriage of justice to enforce the appeal waiver.

This appeal is within the scope of defendant's waiver of his appellate rights, defendant waived those rights knowingly and voluntarily, and enforcing the waiver would not result in a miscarriage of justice. We therefore grant the government's motion to enforce defendant's waiver of his appellate rights and dismiss the appeal.

ENTERED FOR THE COURT
PER CURIAM