*304 ORDER AND JUDGMENT*
PER CURIAM.
Defendant Juan Soto-Munoz pleaded guilty to possession with the intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Under the terms of his plea agreement, defendant waived his right “to file and/or perfect an appeal or collaterally attack any matter in connection with [his] prosecution, conviction and sentence.” Mot. to Enforce, Attach. A (Plea Agreement) at 4-5. The district court determined the applicable sentencing range to be 87 to 108 months and sentenced defendant to 87 months’ imprisonment, at the low end of the advisory guideline range and well below the statutory maximum sentence of forty years’ imprisonment. Despite waiving his appellate rights, defendant has now filed an appeal, prompting the government to seek to enforce the appeal waiver under United States v. Hahn, 359 F.3d 1315 (10th Cir.2004) (en banc) (per curiam).
Under Hahn, we have adopted a three-prong analysis for determining whether an appellate waiver is enforceable, in which we examine whether: (1) the disputed appeal falls within the scope of the waiver of appellate rights; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would result in a miscarriage of justice. 359 F.3d at 1325.
Defendant seeks to appeal his sentence as too long. In response to the government’s motion to enforce his appeal waiver, he contends that the district court presumed the sentence was reasonable because it was in the guideline range and failed to consider his individual characteristics as required by 18 U.S.C. § 3553(a)(2); failed to impose a sentence not greater than necessary, as required by § 3553(a); and failed to state in open court the reasons for imposing the particular sentence, as required by § 3553(c). He argues he never waived the right to appeal the district court’s failure properly to consider and apply 18 U.S.C. § 3553 and, therefore, his proposed appeal is outside the scope of his appeal waiver, was not knowingly and voluntarily entered and it would be a miscarriage of justice to enforce the waiver.
Defendant specifically waived the right to appeal “a sentence imposed which is within the guideline range determined appropriate by the court” unless the court departed upwards from the advisory guideline range determined to be applicable by the court. Plea Agreement at 5. The court did not depart upwards from the advisory Guidelines. In the plea agreement, the defendant requested that his sentence be within the Guideline range determined appropriate by the United States Probation Department, and for the district court to apply the Guidelines to calculate his sentence and to impose a sentence consistent with the Guidelines. Id. at 2. The defendant expressly stated that he understood and agreed that his sentence would be determined solely by the district court. Id. at 4. The district court conducted a straightforward application of the Guidelines, finding, after review, that the pre-sentence report prepared by the Probation Department was *305 accurate. Defendant’s appeal is a direct challenge to that determination. Thus, defendant’s appeal falls squarely within the plain meaning of his appeal waiver.
Defendant contends he did not understand that he was giving up the right to appeal the district court’s compliance with the requirements of § 3553. This claim is not supported by record. He agreed in the plea agreement that he was “knowingly and voluntarily” waiving the right to appeal “any matter in connection with [his] prosecution, conviction and sentence.” Plea Agreement at 4-5 (emphasis added). In his plea colloquy, the defendant told the district court that he understood that, so long as the sentence he received was within the Guidelines range, he was agreeing “not to appeal from whatever happens” in the district court and that he would not “ever ask any court anywhere, at any time, for any reason to change whatever happens” in the district court. Mot. to Enforce, Attach. B, at 11. Furthermore, we have held that appellate waivers are enforceable even though a defendant did not know exactly how the waiver might apply. See Hahn, 359 F.3d at 1326 (rejecting the argument that “a defendant can never knowingly and voluntarily waive his appellate rights because he cannot possibly know in advance what errors a district court might make in the process of arriving at an appropriate sentence”); United States v. Montano, 472 F.3d 1202, 1205 (10th Cir.2007) (rejecting argument that an appeal waiver is unenforceable when a defendant does not know what the sentencing range will be when entering plea agreement).
Finally, defendant contends it would be a miscarriage of justice to enforce the appeal waiver because the waiver would be “otherwise unlawful” if the district court failed to consider and refer to the sentencing factors and policies of § 3553. Under the third Hahn prong, a miscarriage of justice occurs in situations where: (1) the district court relied on an impermissible factor such as race; (2) ineffective assistance of counsel resulted in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful. 359 F.3d at 1327. As to the fourth situation, concerning a waiver being “otherwise unlawful,” we do not look to “whether another aspect of the proceeding may have involved legal error” but look only “to whether the waiver [itself] is otherwise unlawful.” United States v. Shockey, 538 F.3d 1355, 1357 (10th Cir. 2008) (emphasis in original, quotation omitted). This list is exclusive and an appellate waiver will not result in a miscarriage of justice unless one of these four situations occurs. Id. Defendant’s miscarriage of justice argument is simply a claim of sentencing error, and this court has repeatedly held that alleged sentencing errors do not establish that enforcement of the appeal waiver would be unlawful under the miscarriage-of-justice inquiry. United States v. Sandoval, 477 F.3d 1204, 1208 (10th Cir.2007) (“Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful.... ”). Thus, it would not be a miscarriage of justice to enforce the appeal waiver.
Accordingly, we GRANT the government’s motion to enforce the appeal waiver in the plea agreement and DISMISS the appeal.

 This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.