**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 27, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JUAN SOTO-MUNOZ,

        Defendant - Appellant.

No. 11-3160

(D. Kansas)

(D.C. Nos. 6:10-CV-01413-MLB and
6:08-CR-10114-MLB-2)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Defendant Juan Soto-Munoz filed a motion for relief under 28 U.S.C. § 2255 in the United States District Court for the District of Kansas. The court denied the motion and rejected his application for a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 motion). He now seeks a COA from this court. We deny the application for a COA and dismiss the appeal, because no reasonable jurist could debate the merits of the district court's judgment. Defendant has shown no reason not to enforce his plea agreement's waiver of his right to pursue a collateral attack on his conviction and sentence.

## I.    BACKGROUND

Defendant pleaded guilty to an indictment charging possession with intent to distribute marijuana.  *See* 21 U.S.C. § 841(a) and (b)(1)(B).  His plea agreement included a waiver of his right to appeal or pursue a collateral attack on any matter connected to his prosecution, conviction, or sentence, except to the extent that the sentence exceeded the sentencing guidelines range determined by the district court.  He was sentenced to 87 months' imprisonment (a term within the guidelines range) followed by four years of supervised release.

Defendant attempted to appeal his conviction and sentence, but we granted the government's motion to enforce the appeal waiver in the plea agreement and dismissed the appeal.  *United States v. Soto-Munoz*, 343 Fed. App'x 303 (10th Cir. 2009) (unpublished), *cert. denied*, *Soto-Munoz v. United States*, 130 S. Ct. 2396 (mem.) (2010).  Defendant then filed a motion for modification of his sentence under 18 U.S.C. § 3582, which the district court denied on June 16, 2010.  Defendant did not appeal.

On December 6, 2010, Defendant filed his § 2255 motion, raising four issues:  (1) counsel misled him into signing a plea agreement after guaranteeing that his sentence would be no longer than 60 months; (2) counsel failed to challenge the consideration of a juvenile offense that increased his base offense level under the sentencing guidelines; (3) counsel failed to negotiate a plea under Federal Rule of Criminal Procedure 11(c)(1)(C) for a fixed, shorter sentence; and

(4) counsel failed to request a competency hearing. The district court denied relief on May 26, 2011. On June 6, 2011, defendant filed his notice of appeal and request for a COA to challenge the denial.

Liberally construed, *see Haines v. Kerner*, 404 U.S. 519 (1972), Defendant's pro se request for a COA makes the following claims: (1) counsel was ineffective for failing to seek "correction for the drug amounts that would have satisfied the prongs established under [USSG §] 2D1.1," which establishes the offense level for drug offenses, Aplt. Br. at 4; (2) the district court erred in "not allowing [Defendant] to seek a downward departure under his previously filed § 2255" (which apparently refers to Defendant's motion under 18 U.S.C. § 3582), *id.* at 5; (3) counsel never objected to "various sentencing factors," which led to a longer sentence, *id.* at 2; and (4) counsel was ineffective for failing to request a competency hearing, and the court erred in not providing a hearing.

## II. DISCUSSION

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B). If the application was denied on procedural grounds, the applicant must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not

conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* We recognize that in determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of the merits." *Id.*

Defendant's first issue—that counsel should have sought correction of the drug amounts—was not raised in the district court and therefore will not be considered. *See United States v. Cook*, 997 F.2d 1312, 1316 (10th Cir. 1993) (grounds for relief not raised in district court are waived).

As for the second issue, Defendant's attempt to appeal the district court's denial of his motion for modification under 18 U.S.C. § 3582 is untimely. His motion was denied on June 16, 2010, and his notice of appeal was not filed until June 6, 2011. *See* Fed. R. App. P. 4(b)(1)(A) (notice of appeal in criminal case must be filed within 14 days of entry of order being appealed); *United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003) (appeal of order denying § 3582 motion is an appeal in a criminal case for purposes of determining the time period for filing a notice of appeal).

The remaining issues raised in this court will not be considered because Defendant waived his right to an appeal or a collateral attack. We upheld this waiver on direct appeal, *see Soto-Munoz*, 343 Fed. App'x 303, and defendant has

still not presented to this court any basis for setting aside the waiver. Although a waiver may be rendered invalid by ineffective assistance of counsel "in negotiating or entering the plea or the waiver," *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), Defendant's ineffectiveness claims raise no such challenge to his plea or waiver. Also, although we assume that a waiver can be set aside if the defendant is incompetent in entering the plea or waiver, Defendant's arguments relating to his competency do not challenge his competency in entering the plea or waiver. And, as the district court found, Defendant's "unobjected-to presentence report reflects no history of mental illness," R., Vol. 1 at 84 (Mem. and Order at 5, *United States v. Soto-Munoz*, No. 08-10114-02 (D. Kan. May 26, 2011)), so the district court's rejection of Defendant's competency arguments cannot be reasonably disputed. *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (defendant's claim that he was mentally incompetent in entering plea agreement not supported by any evidence).

## III.  CONCLUSION

We DENY Defendant's application for a COA and DISMISS the appeal. We also DENY his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-5-