FILED
United States Court of Appeals
Tenth Circuit

October 24, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

ZACHARY ANDREW SHAW,

　　Defendant - Appellant.

No. 18-6087
(D.C. No. 5:16-CR-00160-R-2)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McHUGH**, and **EID**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Zachary Andrew Shaw's plea agreement. We

grant defense counsel's motion to withdraw, grant the government's motion to

enforce Shaw's appeal waiver, and dismiss the appeal.

Shaw pleaded guilty pursuant to a plea agreement to "knowingly and

intentionally possessing with the intent to distribute a quantity of a mixture or

substance containing a detectable amount of methamphetamine, its salts, isomers, and

---

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1)." Mot. to Enforce, Ex. 1 (Plea Agmt.) at 2. The statutory maximum penalty for this offense is 20 years' (240 months') imprisonment. *See* 21 U.S.C. § 841(b)(1)(C). The district court found that the applicable advisory guidelines sentencing range was 235 to 240 months' imprisonment. The court imposed a below-guidelines 163-month sentence.

The plea agreement included the following waiver of Shaw's appellate rights:

> Defendant . . . understands that 28 U.S.C. § 1291, and 18 U.S.C. § 3742, give him the right to appeal the judgment and sentence imposed by the Court. Acknowledging . . . this, and in exchange for the promises and concessions made by the United States in this plea agreement, defendant knowingly and voluntarily waives the following rights:
>
> a. Defendant waives his right to appeal his guilty plea, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;
>
> b. Except as stated immediately below, defendant waives his right to appeal his sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined. If the sentence is above the advisory guideline range determined by the Court to apply to his case, this waiver does not include the defendant's right to appeal specifically the substantive reasonableness of his sentence.

Plea Agmt. at 5-6.

The government filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and

2

voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

Shaw's counsel responded to the government's motion. Citing *Anders v. California*, 386 U.S. 738, 744 (1967), counsel states that Shaw has no non-frivolous argument against enforcement of his appeal waiver. Counsel also requests permission to withdraw from representing Shaw pursuant to *Anders.* *See id.* We gave Shaw an opportunity to file a pro se response to the motion to enforce. *See id.*

In his pro se response, Shaw does not explicitly contend that his appeal issue—a sentencing challenge—falls outside the scope of his appeal waiver or that his waiver was not knowing and voluntary. He argues that enforcement of the waiver would result in a miscarriage of justice because the government caused the district court to commit a procedural error at sentencing that affected his substantial rights.

More specifically, Shaw maintains that the government misrepresented to the district court that his base offense level in the pre-sentence report was calculated based on a mixture rather than pure methamphetamine; consequently, the district court miscalculated his advisory sentencing range. Additionally, Shaw argues that the government incorrectly informed the district court that his status as a career offender would determine the applicable guidelines range. Shaw maintains that his appeal waiver should not be enforced because he could not have anticipated that the government would cause the district court to commit procedural error at his sentencing.

3

Shaw has the burden to demonstrate that enforcement of his appeal waiver would result in a miscarriage of justice. *See United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004). We will find that enforcement of an appeal waiver results in a miscarriage of justice only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted). "This list is exclusive: enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above." *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (internal quotation marks omitted).

Because Shaw fails to invoke any of the other three miscarriage-of-justice factors, we construe his contention as arguing that his waiver is "otherwise unlawful" because the district court's sentencing error, as allegedly caused by the government, "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted).

Shaw's contention fundamentally misunderstands "what must be 'unlawful' for a waiver to result in a miscarriage of justice." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007).

> Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible. An appeal waiver is not "unlawful" merely because the claimed

4

error would, in the absence of waiver, be appealable. To so hold would make a waiver an empty gesture.

*Id.* (citation omitted). "The whole point of a waiver . . . is the relinquishment of claims *regardless* of their merit." *Id.* (internal quotation marks omitted). Thus, as we further explained in *United States v. Smith*, 500 F.3d 1206 (10th Cir. 2007), this miscarriage-of-justice exception

> looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error. [The defendant's] argument that alleged errors in the court's determination of her sentence should invalidate her appellate waiver illustrates what *Hahn* called "the logical failing of focusing on the result of the proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is valid." [359 F.3d] at 1326 n. 12 (discussing whether an appeal waiver was knowing and voluntary); *see also, e.g., United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999) ("A waiver of the right to appeal includes a waiver of the right to appeal blatant error."). To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive.

*Id*. at 1212-13 (citation, ellipsis, brackets, and internal quotation marks omitted); *see also United States v. Shockey*, 538 F.3d 1355, 1357-58 (10th Cir. 2008) (rejecting contention that enforcement of an appeal waiver would amount to a miscarriage of justice because the defendant's sentence was so ambiguous as to be unlawful).

Moreover, Shaw's assertion that he could not have anticipated the district court's sentencing error when he pleaded guilty does not change our analysis. In *Hahn* we rejected the contention that an appeal waiver could not be knowing and voluntary because a defendant "cannot possibly know in advance what errors a district court might make in the process of arriving at an appropriate sentence." 359 F.3d at 1326. Applying the Supreme Court's reasoning that "[t]he law ordinarily

5

considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it," we declined to conclude that, "as a matter of law, all presentencing waivers of appellate rights are unknowing and involuntary." *Id.* at 1327 (internal quotation marks omitted). Thus, Shaw's waiver of his right to appeal "the manner in which the sentence is determined," Plea Agmt. at 6, is enforceable.

Finally, Shaw's contention that the government caused the district court's alleged sentencing error also does not make the enforcement of his appeal waiver result in a miscarriage of justice. Although we will not enforce an appeal waiver where the government breaches its obligations under the plea agreement, *see United States v. Trujillo*, 537 F.3d 1195, 1200 (10th Cir. 2008), Shaw does not allege that the government did so here. The government's positions at sentencing, meritless or not, do not affect the enforceability of Shaw's knowing and voluntary waiver of his right to appeal his below-guidelines sentence. Therefore, having failed to challenge the lawfulness of his appeal waiver, the defendant has not met his burden to demonstrate a miscarriage of justice.

Under *Anders*, we have reviewed the motion and the record and we concur with the government and defense counsel that Shaw's appeal issue falls within the scope of his appeal waiver, his waiver was knowing and voluntary, and enforcement of the waiver will not result in a miscarriage of justice. Accordingly, we grant the

6

government's motion to dismiss this appeal and defense counsel's motion to withdraw.

Entered for the Court
Per Curiam