FILED
United States Court of Appeals
Tenth Circuit

May 10, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OSCAR D. RANGEL,

Defendant-Appellant.

Nos. 10-3028 & 10-3029
(D.C. No. 5:07-CR-40013-RDR-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Defendant Oscar D. Rangel pleaded guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a). Under the terms of his plea agreement, defendant waived his right "to appeal or collaterally attack any matter in connection with [his] prosecution, conviction and sentence." Mot. to Enforce, Attach. at 15. The district court determined the applicable sentencing range to be 168 to 210 months

---

[*]   This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and sentenced defendant to 168 months' imprisonment, at the low end of the advisory guideline range and well below the statutory maximum sentence of forty years' imprisonment. Despite waiving his appellate rights, defendant has now filed an appeal, prompting the government to seek to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we have adopted a three-prong analysis for determining whether an appellate waiver is enforceable, in which we examine whether: (1) the disputed appeal falls within the scope of the waiver of appellate rights; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would result in a miscarriage of justice. 359 F.3d at 1325. Under the third *Hahn* prong, a miscarriage of justice occurs in situations where: (1) the district court relied on an impermissible factor such as race; (2) ineffective assistance of counsel resulted in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful. 359 F.3d at 1327. As to the fourth situation, concerning a waiver being "otherwise unlawful," we do not look to "whether another aspect of the proceeding may have involved legal error" but look only "to whether the *waiver* [itself] is otherwise unlawful." *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008) (emphasis in original, quotation omitted). This list is

exclusive and an appellate waiver will not result in a miscarriage of justice unless one of these four situations occurs. *Id*.

Defendant seeks to appeal his sentence as too long. In response to the government's motion to enforce his appeal waiver, he contends that the district court improperly calculated his base offense level by including in the calculation a quantity of narcotics it determined to be a "counterfeit" substance under United States Sentence Guideline § 2D1.1 (application note 2). Based on this claim of sentencing error, defendant contends that (1) enforcing the appeal waiver would be a miscarriage of justice, and (2) the government breached its agreement to recommend the "applicable" guideline range when it remained silent when he objected to the inclusion of the counterfeit substances to enhance the offense level.

Defendant specifically stated in his plea agreement that he "knowingly" waived the right to appeal "any matter" in connection with his sentence, and more specifically, his right to appeal "a sentence imposed which is within the guideline range determined appropriate by the court" unless the court departed upward from the advisory guideline range determined to be applicable by the court. Mot. to Enforce, Attach. at 15. The district court did not depart upward from the advisory Guidelines. Defendant's appeal is a direct challenge to the district court's sentencing determination. Thus, defendant's appeal falls squarely within the plain meaning of his appeal waiver.

Defendant contends the waiver is "otherwise unlawful" under the miscarriage of justice prong because the district court erred in enhancing his offense level based on counterfeit substances. Defendant's miscarriage-of-justice argument is simply a claim of sentencing error, and this court has repeatedly held that alleged sentencing errors do not establish that enforcement of the appeal waiver would be unlawful under the miscarriage-of-justice inquiry. *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful. . . ."). Thus, it would not be a miscarriage of justice to enforce the appeal waiver.

Contrary to defendant's argument, we find no breach of the government's plea agreements. The government agreed in part to "recommend a sentence at the low end of the applicable guideline range," though its agreements were contingent on "the defendant's continuing manifestation of acceptance of responsibility." Mot. to Enforce, Attach. at 12. Defendant did not continue to manifest an acceptance of responsibility, but rather absconded from bond supervision, failed to appear at a scheduled hearing, and continued to use drugs in violation of his conditions of release. *Id.* at 47-49. Nonetheless, the government did not object to the imposition of a sentence at the low end of the applicable guideline range. The plea agreement lacks any promise by the government to join in any sentencing objections by defendant. We conclude the government acted in accordance with, and did not breach the terms of, the plea agreement.

-4-

Defendant further contends that the district court did not explain the terms of his waiver to him during his plea colloquy and thus, his waiver was not knowing and voluntary and enforcing it would be a miscarriage of justice. Defendant bears the burden of showing that his plea was not knowing and voluntary. *See Hahn*, 359 F.3d at 1329. During the plea colloquy, the district court clearly explained to defendant that he was waiving his right to appeal his sentence:

> COURT: All right. You understand that under some circumstances you would have had the right to appeal any sentence that I might impose; but in your plea agreement, it's very clear that you have waived your right to appeal the sentence. Do you understand that?
>
> DEFENDANT: That's correct.
>
> COURT: All right. Now, you understand that – of course, that by entering a plea agreement and entering a plea of guilty, you will have waived or given up your right to appeal all or any part of your sentence. Is that clear to you?
>
> DEFENDANT: (Nods head up and down).

Mot. to Enforce, Attach. at 29.

During the colloquy, defendant stated that he had an opportunity to read and discuss the plea agreement with his attorney, and that the plea agreement accurately represented every understanding he had with the government. *Id*. at 24. As noted, defendant stated in the plea agreement that he was "knowingly and voluntarily" waiving "any right to appeal or collaterally attack *any matter* in connection with [his] prosecution, conviction and sentence." *Id*. at 15 (emphasis

added).  He agreed in the plea agreement that the sentence would be determined solely by the district court, *id*. at 13, that the court could consider any relevant evidence in determining the sentence and any relevant conduct in calculating the offense level, *id.* at 11.  Defendant did not object at the plea colloquy to any failure by the district court to adequately explain the appeal waiver, nor does he now articulate in his response to the motion to enforce how or why he believes the district court's explanation of his appeal waiver at the colloquy was defective.

We do note that at the plea colloquy, the district court explained that defendant was waiving his right to appeal his sentence, but did not expressly explain that defendant was also waiving his right to appeal or collaterally attack any matter in connection with his conviction, or that defendant could appeal a sentence imposed above the applicable guideline range determined by the court.  All of these details of the appeal waiver were set forth in the plea agreement itself, however.  In the plea agreement, defendant stated his acknowledgment that he had sufficient time to discuss the agreement with his attorney.  Even assuming that the court erred by not discussing these aspects of the waiver, such omission would not constitute plain error, s*ee United States v. Edgar*, 348 F.3d 867, 871 (10th Cir. 2003) (noting that the standard of review is plain error), because it did not affect defendant's substantial rights.  "In the context of a plea agreement, an error is prejudicial if the defendant has shown that he would not have pleaded guilty if the district court had complied with [Fed. R. Crim. P.] 11(b)(1)(N)."

*Edgar*, 348 F.3d at 872. Defendant only seeks to appeal his sentence, but the district court clearly explained at the plea colloquy this right was waived. There is nothing in the record to show that the defendant would not have pleaded guilty if the district court had further explained the appellate waiver during the plea colloquy.

We conclude that defendant's appeal is within the scope of the appeal waiver, that defendant has not met his burden to show that his appeal waiver was not knowingly and voluntarily entered, and that enforcing the waiver would not be a miscarriage of justice. Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement and DISMISS the appeal.


ENTERED FOR THE COURT
PER CURIAM