FILED
United States Court of Appeals
Tenth Circuit

June 21, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CLIFTON MILTON,

     Defendant-Appellant.

No. 11-3051
(D.C. No. 2:09-CR-20046-CM-7)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **KELLY** and **GORSUCH**, Circuit Judges.

---

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Clifton Milton's plea agreement.

Mr. Milton pleaded guilty to conspiring to distribute, and possession with the

intent to distribute, heroin, in violation of 21 U.S.C. § 846.  Pursuant to the plea

agreement, Mr. Milton waived his right to appeal or collaterally challenge any

matter in connection with his prosecution, conviction or sentence, reserving only

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral
argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

the right to appeal if the district court departed upwards from the applicable sentencing guideline range determined by the court. Mot. to Enforce, attached Plea Agreement, at A18. The district court determined that Mr. Milton's advisory guideline range was 188 to 235 months' imprisonment and it sentenced him to 188 months' imprisonment, at the bottom of the range.

Notwithstanding his appeal waiver, Mr. Milton has filed a notice of appeal seeking to challenge his sentence. The government has filed this motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

In *Hahn*, we held that "in reviewing appeals brought after a defendant has entered into an appeal waiver," this court will determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (quotations omitted).

Mr. Milton contends that his proposed appeal does not fall within the scope of the appeal waiver because the waiver is ambiguous. It is unclear why he asserts the waiver is ambiguous. As best we can tell, his argument is based on his statement that, although the plea agreement indicates he knowingly and voluntarily waived his appeal rights, it also states that he is aware of his right to appeal under 18 U.S.C. § 3742. He also appears to be arguing that the provision is ambiguous because it makes no reference to 28 U.S.C. § 1291, which confers jurisdiction over appeals.

The appeal waiver states in relevant part:

> The defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.

Mot. to Enforce, attached Plea Agreement, at A18.

It is clear under the plain, ordinary reading of this appeal waiver provision that the first quoted sentence explains Mr. Milton's general appellate rights and the second quoted sentence explains that he is waiving those general appellate rights by entering into the plea agreement with an appeal waiver. Mr. Milton's argument that the appeal waiver is somehow ambiguous because it does not reference § 1291 (giving circuit courts jurisdiction over final decisions of a district court) is patently frivolous.

According to his docketing statement, Mr. Milton seeks to argue on appeal that the district court erred in finding, for purposes of a sentence enhancement, that he is responsible for a death that occurred as a result of his drug conspiracy. Mr. Milton waived the right to appeal "any matter in connection with . . . the components of the sentence to be imposed herein," and any sentence "within the guideline range determined appropriate by the court." Mot. to Enforce, attached Plea Agreement, at A18. Under the plain meaning of this unambiguous language, Mr. Milton's proposed appeal is within the scope of his appeal waiver.

Mr. Milton also argues he did not knowingly and voluntarily waive his appellate rights because it was not adequately explained to him that he was waiving his right to contest the district court's finding that he was responsible for a death that occurred as a result of his drug conspiracy. He asserts that the plea agreement indicated that the government lacked evidence that directly linked him to any deaths.

The plea agreement stated that Mr. Milton agreed that he conspired with a heroin distribution organization, referred to as the Handy organization. Mr. Milton agreed that:

> Several overdoses and two directly linked deaths have resulted from the sale of heroin by the Handy organization due to the high purity of the drug being sold. Seven additional heroin overdose deaths are being investigated that may ultimately be linked to the Handy organization. At the time of this plea no deaths or overdoses related to heroin use have been directly linked to Clifton Milton.

*Id.*, at A4.

At the plea hearing, Mr. Milton stated under oath that he understood he could receive a sentence of up to forty years in prison, Mot. to Enforce, attached Tr. of Plea Hr'g. at A29-30, and that if death of another resulted from his drug use, his sentence could be up to life imprisonment, *id*. at A31.  Mr. Milton also stated that he understood there was no limitation on the reliable information the court could consider at sentencing, including uncharged related criminal activity. *Id*. at A35-A36.  At the plea hearing, Mr. Milton stated under oath that he was knowingly and voluntarily waiving his right to appeal any matter in connection with his prosecution, conviction and the components of his sentence as part of the plea agreement.  *Id*. at A40-A41.  In light of the language of the plea agreement and Mr. Milton's answers during his plea colloquy, Mr. Milton has not met his burden to establish that his appeal waiver was not knowing and voluntary.

Finally, Mr. Milton argues that it would be a miscarriage of justice to enforce the appeal waiver because the sentence enhancement based on death resulting from his drug conspiracy significantly increased the sentence he would have received without this enhancement.  This argument also lacks merit.  As we have repeatedly held, it matters not under the miscarriage-of-justice prong whether the sentencing or other aspect of the proceeding involved legal error, only whether the appellate waiver itself is otherwise unlawful.  *See e.g., United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008).

In summary, based upon our review of the motion, the record and Mr. Milton's response, we conclude that Mr. Milton's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. Accordingly, we GRANT the motion to enforce the appeal waiver and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM