FILED
United States Court of Appeals
Tenth Circuit

July 29, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

TERRY LYNN LITTLE, II,

      Defendant - Appellant.

No. 15-2084
(D.C. No. 5:14-CR-00195-KG-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **PHILLIPS** and **MORITZ**, Circuit Judges.

This matter is before the court on the government's motion to dismiss defendant Terry Lynn Little, II's appeal because it falls within the scope of the appeal waiver contained in his Plea Agreement. We grant the government's motion and dismiss the appeal.

The defendant pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). In the Plea Agreement, the

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defendant "knowingly waive[d] the right to appeal this conviction and any sentence, including any fine, at or under the maximum statutory penalty authorized by law." Mot. to Enforce, Ex. 1 (Plea Agmt.) at 6. The district court sentenced him to 120 months' imprisonment, followed by three years of supervised release. The court imposed certain conditions of supervised release, including conditions related to sex-offender treatment and a psychosexual evaluation, submission to search and seizure, limitations on viewing of pornography, and contact with children.

Despite his appeal waiver, the defendant filed an appeal seeking to challenge these "sex-offender" conditions of supervised release. The government filed a motion to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

In response to the government's motion, the defendant does not argue that his appeal falls outside the scope of the appeal waiver or that his waiver was not knowing and voluntary.[1] We therefore need not address these issues. *See United*

_____

[1] In summarizing the history of his case, the defendant notes that his counsel asserted during his sentencing hearing that the condition of supervised release related to sex-offender treatment was not contemplated in negotiating the Plea Agreement; therefore, his counsel stated, the defendant was preserving his right to argue in this

(continued)

- 2 -

*States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). Rather, the defendant contends that enforcing his waiver to preclude him from challenging the imposition of the sex-offender conditions of supervised release would be a miscarriage of justice. *See Hahn*, 359 F.3d at 1325.

We will find that enforcement of an appeal waiver results in a miscarriage of justice only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327. "This list is exclusive: enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above." *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (internal quotation marks omitted).

The defendant has the burden to demonstrate that enforcement of his appeal waiver would result in a miscarriage of justice. *See United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004). He argues that his waiver is "otherwise unlawful" because the district court's sentencing errors "seriously affect the fairness,

court that the Plea Agreement was not freely and voluntarily entered into with respect to supervised release. But the defendant does *not* argue in response to the government's motion to enforce that his plea was not knowing and voluntary. This case is therefore unlike *United States v. Rollings*, 751 F.3d 1183, 1187 (10th Cir.), *cert. denied*, 135 S. Ct. 494 (2014), in which the defendant argued his appeal waiver was invalid because he did not knowingly and voluntarily enter into his plea agreement.

integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327. (internal quotation mark, alteration, and brackets omitted). In support of this contention, the defendant argues that the district court erred in imposing the sex-offender conditions of supervised release because he was not convicted of a sex offense; his only sex-offense conviction is 15 years old and therefore the conditions are not warranted; the court failed to make factual findings in support of the special conditions; the conditions significantly infringe, without justification, on his constitutional rights, his right to familial association, and his ability to work; and certain of the conditions are not related to the sentencing factors and are overly broad. The defendant contends we should set aside his appeal waiver because the district court's sentencing errors are clearly significant and of constitutional dimension.

The defendant's contention fundamentally misunderstands "what must be 'unlawful' for a waiver to result in a miscarriage of justice." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007).

> Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible. An appeal waiver is not 'unlawful' merely because the claimed error would, in the absence of waiver, be appealable. To so hold would make a waiver an empty gesture.

*Id*. (citation omitted). "The whole point of a waiver . . . is the relinquishment of claims *regardless* of their merit." *Id.* (internal quotation marks omitted). As we

explained in *United States v. Smith*, 500 F.3d 1206 (10th Cir. 2007), this

miscarriage-of-justice exception

> looks to whether "the waiver is otherwise unlawful," not to whether
> another aspect of the proceeding may have involved legal error. [The
> defendant's] argument that alleged errors in the court's determination of
> her sentence should invalidate her appellate waiver illustrates what
> *Hahn* called "the logical failing[ ] of focusing on the result of the
> proceeding, rather than on the right relinquished, in analyzing whether
> an appeal waiver is [valid]." [359 F.3d] at 1326 n. 12 (discussing
> whether an appeal waiver was knowing and voluntary); *see also, e.g.*,
> *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999) ("A
> waiver of the right to appeal . . . includes a waiver of the right to appeal
> blatant error."). To allow alleged errors in computing a defendant's
> sentence to render a waiver unlawful would nullify the waiver based on
> the very sort of claim it was intended to waive.

*Id.* at 1212-13 (citation omitted); *see also United States v. Shockey*, 538 F.3d 1355,

1357-58 (10th Cir. 2008) (rejecting contention that enforcement of appeal waiver

would amount to miscarriage of justice because defendant's sentence was so

ambiguous as to be unlawful).

Having failed to challenge the lawfulness of his appeal waiver, the defendant

has not met his burden to demonstrate a miscarriage of justice. Accordingly, we

grant the government's motion to dismiss this appeal.

Entered for the Court
Per Curiam