FILED
United States Court of Appeals
Tenth Circuit

January 24, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARC TAPIA, a/k/a Mark Anthony
Russel, a/k/a Mark Lovato, a/k/a Anthony
Tapia,

    Defendant - Appellant.

No. 18-2124
(D.C. No. 1:12-CR-03012-JMC-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Marc Tapia pleaded guilty to one count of being a felon in possession of a

firearm and ammunition.  He was sentenced to 26 months in prison, which was below

the Sentencing Guidelines range of 30 to 37 months.[1]  Although his plea agreement

contained an appeal waiver, he appealed.  The government has moved to enforce the

appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004)

(en banc) (per curiam).  We grant the motion and dismiss this appeal.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because of a long delay between the time Mr. Tapia pleaded guilty and when
he was sentenced, he is scheduled to be released from prison on February 11, 2019.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. We need not address the first two conditions because Mr. Tapia does not challenge them. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). His sole argument is that enforcing the waiver would result in a miscarriage of justice.

In *Hahn*, we explained that a miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." 359 F.3d at 1327 (internal quotation marks omitted). We further explained that "enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated" above. *Id*.

Mr. Tapia contends he was denied his right to allocute at his sentencing hearing. He asserts that "[t]he Court should pierce through an appellate waiver under the 'otherwise unlawful' prong of *Hahn* where the defendant/appellant seeks to assert an error on appeal that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Resp. to Mot. to Enf. at 4-5 (internal quotation marks omitted). But the problem with Mr. Tapia's argument is that the "otherwise unlawful" exception "looks to whether the *waiver* is otherwise unlawful, not to

2

whether another aspect of the proceeding may have involved legal error." *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007) (citation and internal quotation marks omitted); *see also United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("An appeal waiver is not 'unlawful' merely because the claimed error would, in the absence of the waiver, be appealable. To so hold would make a waiver an empty gesture.").

In support of his argument, Mr. Tapia spends most of his brief discussing the importance of the right of allocution. But he fails to show that any aspect of his appeal waiver was unlawful. We agree with Mr. Tapia that the right to allocute is an important part of the sentencing process, but "[i]t has long been established that a criminal defendant may waive many fundamental procedural and substantive rights, both constitutional and statutory." *United States v. Mitchell*, 633 F.3d 997, 1001 (10th Cir. 2011). Even assuming there was plain error involving the denial of Mr. Tapia's right to allocute, we have held the "otherwise unlawful" exception to be inapplicable to errors that are distinct from the waiver itself. *See United States v. Polly*, 630 F.3d 991, 1001-02 (10th Cir. 2011); *United States v. Shockey*, 538 F.3d 1355, 1357-58 (10th Cir. 2008); *Smith*, 500 F.3d at 1212-13.

Because Mr. Tapia has not argued that his appeal waiver was otherwise unlawful, he has failed to show that enforcing the waiver would result in a

3

miscarriage of justice.  Accordingly, we grant the motion to enforce and dismiss this appeal.  We deny as moot Mr. Tapia's request to expedite his appeal.

Entered for the Court
Per Curiam

4