**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER DOMINGUEZ,

Defendant - Appellant.

No. 23-8016
(D.C. Nos. 2:22-CV-00246-NDF,
2:17-CR-00098-NDF-3 &
2:18-CR-00186-NDF-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Christopher Dominguez moves for a certificate of appealability (COA) so that

he may appeal the district court's denial of his motion for relief under 28 U.S.C.

§ 2255.  We deny a COA and dismiss this proceeding.

## I.     BACKGROUND & PROCEDURAL HISTORY

In October 2016, three men carjacked a vehicle and used it to attempt a

robbery from a Cheyenne, Wyoming, pharmacy; a gun battle with the pharmacist

ensued and the robbers fled.  *See United States v. Dominguez*, 998 F.3d 1094,

1096–97 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2756 (2022).  Two months later,

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

three men stole a vehicle and used it to successfully rob a pharmacy in Raton, New Mexico. *See id.* at 1096. Dominguez and two associates were arrested for that robbery the same day. *See id.* After their arrest they became the primary suspects in the Wyoming robbery as well. *See id.* at 1097.

Federal grand juries in Wyoming and New Mexico indicted Dominguez and his associates on various charges related to the robberies. *See id.* As relevant here, the charges against Dominguez included three instances of brandishing or discharging a firearm during and in relation to a crime of violence or a drug trafficking crime, in violation of 18 U.S.C. § 924(c): namely, one count of brandishing a firearm during the New Mexico robbery and two counts of discharging a firearm during the Wyoming attempted robbery. *See id.* at 1097–98.

Dominguez agreed to a plea deal that resolved both the Wyoming and New Mexico cases. Under the deal he pleaded guilty to four charges: (1) carjacking (Wyoming); (2) attempted robbery involving a controlled substance (Wyoming); (3) discharging a firearm during a crime of violence, *see* § 924(c)(1)(A)(iii) (Wyoming), for which the predicate crime was the attempted robbery involving a controlled substance; and (4) conspiracy to commit Hobbs Act robbery (New Mexico). *See id.* at 1099.

Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that Dominguez would be sentenced to 8 years for carjacking, a consecutive 10 years for attempted robbery, a further consecutive 10 years for the § 924(c) violation, and finally, running concurrently to all of the foregoing, 18 years for the Hobbs Act

violation. *See id.* Thus, Dominguez's total effective sentence would be 28 years. The district court accepted the plea agreement. *See id.* at 1100.

Not long after, Dominguez moved to withdraw his plea agreement because the First Step Act of 2018, signed into law the same day he pleaded guilty, significantly reduced the potential sentencing exposure created by the various charges (both the ones to which he pleaded guilty and the ones the government agreed to drop). *See id.* The district court denied the motion. *See id.* at 1101. It then sentenced Dominguez to 28 years, per the plea agreement.

Dominguez appealed. He argued that one reason the district court should have allowed him to withdraw his plea was his defense attorney had not known about the First Step Act and was therefore constitutionally ineffective. *See id.* at 1109–10. We held that even if the attorney's ignorance amounted to deficient performance, Dominguez had failed to show prejudice. *See id.* at 1111–21.

Following the appeal Dominguez filed his § 2255 motion in the district court. Although he asserted three grounds for relief, he seeks a COA only regarding the one based on *United States v. Taylor*, 142 S. Ct. 2015 (2022), a Supreme Court decision handed down after his direct appeal. *Taylor* held that attempted Hobbs Act robbery is not a crime of violence for purposes of § 924(c). *See id.* at 2020–22, 2025–26. Dominguez's § 2255 motion argued that *Taylor*'s reasoning applies equally to his conviction for attempted robbery involving a controlled substance.

In response, the government stated—incorrectly—that the crime of violence underlying Dominguez's § 924(c) conviction was attempted Hobbs Act robbery, and

3

it therefore conceded that *Taylor* applied.[1]  The government argued, however, that Dominguez's *Taylor* claim was procedurally barred by: (i) his knowing and voluntary guilty plea to the § 924(c) charge; (ii) the collateral-attack waiver in his plea agreement;[2] and (iii) failure to raise the argument on direct appeal, coupled with a failure to demonstrate cause and prejudice or actual innocence (which could excuse the failure to raise the argument on direct appeal).

The district court agreed with the government's second and third arguments, and denied relief on those grounds.  Dominguez then filed the COA application now before us.

## II.    COA STANDARD

To receive a COA, Dominguez must "ma[ke] a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This means he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  And because the district court denied his motion on two procedural grounds (the collateral-attack waiver in his plea agreement and his failure to show cause and

---

[1] Hobbs Act robbery, 18 U.S.C. § 1951, and robbery involving a controlled substance, 18 U.S.C. § 2118, are not the same crime.  Dominguez's indictment and plea agreement make clear that his § 924(c) conviction rests on the latter.  As explained below, however, the government's mistake is immaterial because Dominguez's *Taylor* argument is barred regardless.

[2] With exceptions not relevant here, that waiver reads: "The Defendant . . . waives any right to challenge his conviction or sentence in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 . . . ."  R. vol. 6 at 20, ¶ 15 (sealed).

prejudice or actual innocence), he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling[s]." *Id.*

## III.   ANALYSIS

We address only the collateral-attack waiver because its validity precludes relief for Dominguez.  We review the enforceability of such a waiver using the same factors we have established for reviewing appeal waivers.  *See United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012).  Those factors are: "(1) whether the disputed appeal falls within the scope of the waiver of [collateral attack] rights; (2) whether the defendant knowingly and voluntarily waived his [collateral attack] rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

We assume that any factor not challenged by Dominguez has been satisfied. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).  Dominguez says nothing about the first two factors, so we will proceed directly to the miscarriage-of-justice factor.

In this context, a miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (bracketed numerals in original; internal quotation marks omitted).  "[This] list is exclusive." *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008).

5

In district court Dominguez relied on the ineffective-assistance part of this test. The district court rejected this possibility because the ineffective-assistance issue had already been decided against him in his direct appeal to this court.

In his COA application, Dominguez does not challenge this reasoning. He instead asserts a new argument under the third part of the miscarriage-of-justice test, contending that the sentence on his § 924(c) conviction exceeds the statutory maximum. "A person [cannot] be sentenced for something ruled unconstitutional," he says, so the sentence for the "underlying count is zero." COA Appl. at 3. In COA proceedings, just as in appeals, we generally do not consider arguments made for the first time in this court. *See Viera*, 674 F.3d at 1220. We therefore reject this argument.

The COA application also includes the words "impermissible factor." Opening Brief, part 2. This appears to be a reference to our statement that a miscarriage of justice occurs "where the district court relied on an impermissible factor such as race." *Hahn*, 359 F.3d at 1327. But Dominguez fails to elaborate, and nothing in the record suggests racism. The issue therefore has not been adequately raised to merit our review.

Although Dominguez feels unjustly treated because he thinks he could have obtained a more lenient sentence based on post-plea legal developments, a favorable change in the law after pleading guilty cannot unsettle the expectations established by a waiver of the right to appeal or to raise a collateral attack:

> [C]riminal defendants may waive both rights in existence
> and those that result from unanticipated later judicial
> determinations. . . .  The essence of plea agreements . . . is
> that they represent a bargained-for understanding between
> the government and criminal defendants in which each side
> foregoes certain rights and assumes certain risks in
> exchange for a degree of certainty as to the outcome of
> criminal matters.  One such risk is a favorable change in
> the law.

*Porter*, 405 F.3d at 1144, 1145 (holding that *United States v. Booker*, 543 U.S. 220, 226–27 (2005), which determined that the federal sentencing guidelines were unconstitutional to the extent they were mandatory, did not allow a defendant who pleaded guilty and was sentenced under the mandatory-guidelines regime to escape his appeal waiver).

We see no debatable question about the district court's decision to enforce Dominguez's collateral-attack waiver.[3]

## IV.    CONCLUSION

We deny a COA and dismiss this proceeding.  We grant Dominguez's motion to proceed without prepayment of costs or fees.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[3] We do not reach the district court's alternate ground that Dominguez failed to show cause and prejudice or actual innocence.