**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**May 1, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAURICE TUDOR BOWENS,

    Defendant - Appellant.

No. 23-6203
(D.C. No. 5:21-CR-00256-PRW-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BRISCOE**, and **FEDERICO**, Circuit Judges.
_____

Maurice Tudor Bowens pleaded guilty to two federal crimes: possession of methamphetamine with intent to distribute, and possession of a firearm as a convicted felon. He received a 115-month prison sentence, and he has now appealed from his conviction and sentence. His plea agreement contains an appeal waiver, however, and the government moves to enforce that waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).

Bowens's counsel responds that she is aware of no non-frivolous argument for overcoming the waiver and she has moved to withdraw. *See Anders v. California*,

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

386 U.S. 738, 744 (1967).  On February 28, 2024, we gave Bowens an opportunity to file a pro se response by March 20.  *See id.* (requiring the court to give the defendant a chance to file something on his own behalf when his attorney seeks to withdraw in these circumstances).  When the court received nothing by March 20, it *sua sponte* extended the deadline to April 4.  One day after that order, the court received from Bowens a pro se motion for an extension of time.  We granted that motion, setting a new deadline of April 19.

The court did not receive a response from Bowens by April 19, and it has received nothing since.  We will therefore decide the motion on the current record.

Our first question when faced with a motion to enforce an appeal waiver is "whether the disputed appeal falls within the scope of the waiver."  *Hahn*, 359 F.3d at 1325.  Here, the waiver embraces every aspect of pretrial proceedings and sentencing, with one exception: "If the sentence is above the advisory Guidelines range determined by the Court to apply to Defendant's case, this waiver does not include Defendant's right to appeal specifically the substantive reasonableness of Defendant's sentence[.]"  R. vol. I at 83.  This exception does not apply.  The district court determined that the advisory guidelines range was 92 to 115 months, and the district court sentenced Bowens to 115 months.  Thus, this appeal falls within the waiver's scope.

We next ask "whether the defendant knowingly and voluntarily waived his appellate rights."  *Hahn*, 359 F.3d at 1325.  "When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to . . . whether the

2

language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily[, and whether the district court conducted] an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id.* Both are true here. First, the plea agreement states that Bowens was knowingly and voluntarily giving up his appellate rights. *See* R. vol. I at 82. Second, the district court confirmed Bowens's understanding at the change-of-plea hearing:

> THE COURT: Your plea agreement also contains a waiver of your right to appeal or collaterally attack the sentence that I impose except in some limited circumstances.
>
> So by entering into the plea agreement and entering a plea of guilty, you will have waived or given up your right to appeal or collaterally attack all or part of the sentence that I impose unless I impose a sentence that's above the guideline range, in which case you would have the right to appeal the substantive reasonableness of the sentence that I impose.
>
> Do you understand that you are waiving most of your appeal rights by entering into the plea agreement?
>
> THE DEFENDANT: Sir, yes, sir.

Mot. to Enforce Appellate Waiver, Attach. 2 at 15. Thus, we find that Bowens agreed to the waiver knowingly and voluntarily.

Finally, we ask "whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. This means Bowens must show that (1) the district court relied on an impermissible factor such as race, (2) there was ineffective assistance of counsel specifically as to the negotiation of the appeal waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful. *Id.* at 1327. "[This] list is exclusive." *United States v. Shockey*, 538 F.3d 1355, 1357

(10th Cir. 2008). We have reviewed the record and can locate no potential argument that might satisfy this high standard.

Counsel for Bowens states that she also considered the *Hahn* factors and can locate no potential argument that might excuse the appeal waiver. Counsel further states that she considered whether the government may have breached the plea agreement. *See United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1212 (10th Cir. 2008) ("[A]n appellate waiver is not enforceable if the Government breaches its obligations under the plea agreement . . . ."). Counsel theorizes a potential argument based on the plea agreement's discussion of acceptance of responsibility, but counsel believes the argument lacks merit. Specifically, the plea agreement states:

> The parties agree Defendant should receive a two-level downward adjustment for Defendant's acceptance of responsibility . . . if Defendant commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all other terms of this Plea Agreement. Further, if the Court applies that two-level downward adjustment, the United States will move for an additional one-level downward adjustment . . . if it determines that Defendant qualifies for the additional adjustment based on the timeliness of Defendant's acceptance of this Plea Agreement and other appropriate considerations . . . .

R. vol. I at 81. At sentencing, the government did *not* move for an additional one-level downward adjustment. However, counsel believes there is no meritorious argument that this amounted to a breach of the plea agreement because, at sentencing, the district court found Bowens was falsely denying or frivolously contesting many facts relevant to his case, and the court therefore never adjusted Bowens's offense

level based on acceptance of responsibility. Thus, the government's obligation to move for an additional one-level adjustment never arose.

We agree with counsel that there is no nonfrivolous basis to assert that the government breached a duty to move for a one-level downward adjustment. We also see no other basis to conclude that the government breached the plea agreement.

In sum, we conclude this appeal falls within Bowens's appeal waiver, no other *Hahn* factor counsels against enforcement of the waiver, and there is no basis to claim the government breached the plea agreement. We therefore grant counsel's motion to withdraw, grant the government's motion to enforce the appeal waiver, and dismiss this appeal.

Entered for the Court

Per Curiam