**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TYLER AARON MEIGS,

    Defendant - Appellant.

_____

FILED
United States Court of Appeals
Tenth Circuit

**October 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

No. 24-7006
(D.C. No. 6:23-CR-00046-KS-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Tyler Aaron Meigs pled guilty to one count of possessing methamphetamine

with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C),

and one count of felon in possession of a firearm, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(8).  The district court sentenced him to 63 months'

imprisonment on each count, to be served consecutively.  Although his plea

agreement contained a waiver of his appellate rights, Meigs filed a notice of appeal.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

The government did not file a motion to enforce the appeal waiver, but it raises the waiver in its merits brief. *See* 10th Cir. R. 27.3(A)(3)(c) ("Failure to file a timely motion to enforce an appeal waiver does not preclude a party from raising the issue in a merits brief.").[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we enforce the appeal waiver and dismiss this appeal.

We will enforce an appeal waiver if (1) "the disputed appeal falls within the scope of the waiver"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). The government argues that all three of these conditions are met in this case. We agree.

Meigs's appellate argument is that the district court plainly erred by ordering the two 63-month sentences to run consecutively without considering the Sentencing Guidelines' recommendation that they run concurrently and not adequately explaining why it did so. But Meigs agreed to waive his right to appeal his sentence unless it "exceeds the statutory maximum." R. vol. I at 18. And even viewed cumulatively as 126 months' imprisonment, Meigs's sentences did not exceed either of the applicable statutory minimums. *See* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (20-year maximum term of imprisonment for possession of methamphetamine with

---

[1] In his opening brief, Meigs did not address his appeal waiver other than to note the government had not filed a motion to enforce. Meigs did not file a reply brief.

intent to distribute); 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (15-year maximum term of imprisonment for felon in possession of firearm). Thus, his appeal falls within the scope of the waiver.

Next, we conclude Meigs has not met his burden to show his waiver was not knowing and voluntary. *See United States v. Sandoval*, 477 F.3d 1204, 1207 (10th Cir. 2007) (defendant bears the burden to show an appeal waiver was not knowing and voluntary). In assessing whether an appeal waiver "is knowing and voluntary, we especially look to two factors": (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) whether the district court conducted "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. Meigs advances no argument on this point, and our review reveals that both factors are met in this case.

Finally, enforcing an appeal waiver will result in a miscarriage of justice only if (1) "the district court relied on an impermissible situation such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327; *see also United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008) (explaining that this "list is exclusive" (internal quotation marks omitted)).

Here, the first and third miscarriage-of-justice exceptions are not present, and Meigs has not argued ineffective assistance of counsel in connection with the waiver's negotiation. As for the fourth exception, it is satisfied only if an error "seriously affect[s]

3

the fairness, integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted). The relevant inquiry is "whether the *waiver* is otherwise unlawful, not . . . whether another aspect of the sentencing proceeding may have involved legal error." *United States v. Holzer*, 32 F.4th 875, 887 (10th Cir. 2022) (brackets and internal quotation marks omitted). Meigs bears the burden on this exception, *see id*., but he has provided no argument that the waiver itself was otherwise unlawful. Nor is any unlawfulness readily apparent. We therefore conclude that the otherwise-unlawful exception is inapplicable and that enforcing Meigs's appeal waiver will not result in a miscarriage of justice.

### III. CONCLUSION

We enforce Meigs's appeal waiver and dismiss this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

4