FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

SANTIAGO GARCIA GUTIERREZ,

　　Defendant - Appellant.

No. 25-4104
(D.C. No. 2:24-CR-00020-HCN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]
_____

Defendant-Appellant Santiago Garcia Gutierrez[1] pled guilty to eight counts: four counts of wire fraud, 18 U.S.C. § 1343; one count of impersonating a federal officer, 18 U.S.C. § 912; two counts of aggravated identity theft, 18 U.S.C. § 1028A; and one count of making a false statement to law enforcement, 18 U.S.C. § 1001. I R. 86–87. Pursuant to the terms of his plea, he agreed to waive his right to appeal, with limited exceptions to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

[1] Defendant refers to himself as Mr. Garcia in his opening briefing; we do the same.

appeal a sentence exceeding the statutory maximum or to bring an ineffective assistance of counsel claim. Id. at 21, 25–26; III R. 90–91. During sentencing, at the government's urging and despite Mr. Garcia's objections, the court adopted an enhancement for the use of sophisticated means, U.S.S.G. § 2B1.1(b)(10)(C), and an enhancement for misrepresenting that he was acting on behalf of a government agency, U.S.S.G. § 2B1.1(b)(9)(A). I R. 52, 67–69; III R. 31–35. The district court sentenced Mr. Garcia to 108 months' imprisonment. III R. 67. He timely filed a notice of appeal and now challenges the sentence enhancements on appeal. I R. 97; Aplt. Br. at 10–11. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal based upon Mr. Garcia's appeal waiver.

Mr. Garcia argues that the government forfeited the right to enforce the appeal waiver because it failed to file a motion under Tenth Circuit Rule 27.3(A)(1)(d) and has otherwise not shown good cause. Aplt. Br. at 11–12. We disagree.

In its response brief, the government seeks to enforce the appeal waiver. Aplee. Br. at 9–16. Our local rule provides that the government may file a motion to enforce an appeal waiver within a set time, but it also provides that "[f]ailure to file a timely motion under this rule does not preclude a party from raising the issue in a merits brief." 10th Cir. R. 27.3(A)(1)(d), (3)(c)–(d). The latter is what occurred here and we surely may consider appeal waivers raised in the government's merits briefing. See United States v. Martin, No. 25-6132, 2026 WL 836450, at *1 (10th Cir. Mar. 26, 2026); United States v. Anderson, No. 25-5075, 2026 WL 522614, at *1 (10th Cir. Feb. 25, 2026).

Mr. Garcia concedes that the government may raise the appeal waiver in its brief. Aplt. Br. at 13; Aplt. Reply Br. at 1.  But he argues that because we can suspend any part of our local rules, we should do so here to promote judicial economy and to encourage the government to follow the rules, and because we should consider his meritorious claims in the interest of justice.  Aplt. Br. at 13; see 10th Cir. R. 2.1 ("The court may suspend any part of these rules in a particular case on its own or on a party's motion."). Though creative, we see no reason to suspend our local rule and eliminate a party's procedural right provided in the local rule.

In determining whether to uphold a waiver of appeal rights, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  United States v. Holzer, 32 F.4th 875, 881 (10th Cir. 2022) (quoting United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004)).  "[A] miscarriage of justice occurs (1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." United States v. Polly, 630 F.3d 991, 1001 (10th Cir. 2011) (quoting United States v. Shockey, 538 F.3d 1355, 1357 (10th Cir. 2008) (citation modified)).

Mr. Garcia does not argue that his waiver is unenforceable on any of the stated grounds, and we hold that his waiver is enforceable.  First, his sentence enhancement challenges fall within the scope of the waiver.  Second, the circumstances suggest that his

waiver was knowing and voluntary: his signed plea agreement represents that he was 56 years old, a college graduate, and that he discussed the plea with his lawyer and entered the plea with a full understanding of his rights, and his lawyer certified that he had discussed the plea with Mr. Garcia and fully explained his rights.  I R. 30–31.  During the plea colloquy, the magistrate judge explained Mr. Garcia's "limited appeal rights" under the agreement and confirmed his understanding of those rights.  III R. 90–91.  Finally, there are no facts suggesting that enforcing the waiver would result in a miscarriage of justice.

Accordingly, we uphold the appeal waiver and **DISMISS** the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge